IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMPOWER BRANDS LLC f/k/a HPC BRANDS LLC,<br><br>                Plaintiff,<br><br>v.<br><br>TRISTAR PRODUCTS, INC. and KISHORE MIRCHANDANI,<br><br>                Defendants. | Civil Action No. 23-1225-RGA |

MEMORANDUM ORDER

Defendants filed a motion to dismiss the amended complaint (D.I. 58), arguing one issue—that the case is not ripe. (D.I. 59, D.I. 62, D.I. 63). Plaintiff has requested Defendants indemnify it based on recalls of various products. (D.I. 56 at ¶¶ 30-39). Defendants have not paid Plaintiff a penny. (*Id.* at ¶ 40). Defendants do not contest that they are liable for "Excluded Liabilities." (D.I. 59 at 10). Rather, Defendants contest whether Plaintiff is able to prove any "Excluded Liabilities."[1] (D.I. 63 at 1).

The parties have adverse interests. There are millions of dollars in dispute (*see* D.I. 56 at ¶¶ 31, 34, 38), the merits of which could be conclusively resolved through this litigation. A judgment might not resolve all the issues between the parties, but it would have practical help in resolving the millions of dollars already in dispute and likely in informing the resolution of any further disputes about the same issues.

The motion to dismiss (D.I 58) is DENIED.

---

[1] As I understand it, Defendants have indemnity obligations for products sold before February 18, 2022. The recalls that have triggered the indemnity obligations occurred at various dates in 2023. Thus, a recalled product, depending upon when it was sold, may or may not trigger indemnity obligations.

IT IS SO ORDERED this 18th day of March 2025.

                                                                          _____
                                                                          United States District Judge