## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| EMPOWER BRANDS LLC f/k/a HPC BRANDS LLC, <br><br> Plaintiff, Counterclaim-Defendant, <br><br> v. <br><br> TRISTAR PRODUCTS, INC., a Florida corporation, and KISHORE MIRCHANDANI, an individual, <br><br> Defendants, Counterclaim-Plaintiffs. | Civil Action No. 23-1225-RGA |

## MEMORANDUM ORDER

Before me is Plaintiff's Motion to Strike Defendants' Affirmative Defenses. (D.I. 76). I have considered the parties' briefing. (D.I. 77, 78, 81). For the reasons set forth below, this motion is GRANTED IN PART and DENIED IN PART.

Plaintiff seeks to strike Defendants' Fifth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Fifteenth Affirmative defenses pursuant to Rule 12(f). (D.I. 76).

> A court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. An affirmative defense is insufficient if it is not recognized as a defense to the cause of action. Motions to strike are generally disfavored. The Third Circuit has cautioned that a court should not grant a motion to strike a defense unless the insufficiency of the defense is "clearly apparent." When ruling on a motion to strike, the court must construe all facts in favor of the nonmoving party and deny the motion if the defense is sufficient under law.

1

*United States v. Gilead Sciences*, 515 F. Supp. 3d 241, 248 (D. Del. Jan 28, 2021) (cleaned up) (citations omitted). Nevertheless, "[a]n affirmative defense must . . . provide fair notice of the issue involved." *Senju Pharm. Co., Ltd. v. Apotex, Inc.*, 921 F. Supp.2d 297, 303 (D. Del. 2013).[1]

Defendants' Fifth Affirmative Defense reads: "Plaintiff's claims are barred, in whole or in part, by Plaintiff's own failure to satisfy a condition precedent to the contract at issue." (D.I. 74 at 11). Plaintiff argues that this defense should be stricken, because it fails to comport with the pleading requirement of Rule 9(c). Rule 9(c) states, "[W]hen denying that a condition precedent has occurred or been performed, a party must do so with particularity." Plaintiff states, "Defendants do not identify what 'condition precedent' of 'the contract at issue' . . . is not satisfied, much less any facts concerning how that condition precedent is not satisfied." (D.I. 74 at 4). Defendants counter, "Defendants' Answer contains factual allegations that [Plaintiff] has failed to satisfy the condition precedent of submitting adequate information for Defendants to determine which of [Plaintiff's] expenses relate to Excluded Liabilities pursuant to [the contract]. *See, e.g.*, D.I. 74 ¶ 45; . . . *id.* ¶ 46." (D.I. 78 at 6).

Plaintiff is correct. Defendants' bare-bones answer does not identify the condition precedent Defendants mean, which hardly comports with the "particularity" requirement of Rule 9(c). I do not think it would have been apparent from reading Defendants' pro forma Fifth

---

[1] Defendants argue, in the alternative, that Plaintiff's Motion to Strike should be denied because it fails to show that Plaintiff would suffer any prejudice were the defenses maintained. I don't think Plaintiff needs to have shown prejudice. For example, in one of Defendants' cited cases, *XpertUniverse, Inc. v. Cisco Sys., Inc.*, I noted that the plaintiff needed only to allege prejudice, because "unlike the plaintiffs in [two other cases] who moved to strike shortly after the affirmative defenses were pled," the plaintiff in *XpertUniverse* "has not complained about [the] affirmative defenses until now," well after the commencement of discovery. 868 F. Supp. 2d 376, 384 (D. Del. 2012). Defendants filed their answer on April 1, 2025; Plaintiff filed its Motion to Strike just nine days later, on April 10, 2025. Under these conditions, I do not think Plaintiff, as a threshold matter, needs to show risk of prejudice.

2

Affirmative Defense that they meant to refer Plaintiff's failure to provide "sufficient information" for the indemnification to take effect; this defense has not been pled "with particularity," as Rule 9 requires. Nevertheless, I find Defendants' response in their answering brief plausible as an explanation for what Defendants meant by their Fifth Affirmative Defense, and I will permit Defendants to amend this defense on the grounds that it rests *solely* upon Plaintiff's alleged failure "to provide 'reasonable detail' to support an indemnification claim" under the terms of the contract at issue. (D.I. 78 at 6; *see* D.I. 81 at 10).

Defendants' Seventh Affirmative Defense reads, "Plaintiff's claims are barred because Plaintiff failed to act in a commercially reasonable manner." (D.I. 74 at 11). Plaintiff argues that this claim should be stricken, because Defendants

> do not plead any facts supporting this defense, [] never explain what it means to "act in a commercially reasonable manner," why [Plaintiff] had any duty to so act, [] how [Plaintiff] allegedly failed to do so[,] . . . "commercially reasonable manner" does not appear [in the contract at issue], and Defendants do not explain how a failure to act in a commercially reasonable manner could affect the declaratory judgment and indemnification claims at issue in this case.

(D.I. 77 at 5).

Defendants' response to Plaintiff's argument is fairly generic. Defendants offer the same response to the Seventh, Eighth, Ninth, Eleventh, and Fifteenth Affirmative Defenses. Defendants essentially argue that boilerplate or bare-bones defenses are permissible, because "Defendants were not required to plead more fact-intensive explanations under Rule 8(c)'s 'fair notice' standard, which [Plaintiff] concedes applies to these defenses." (D.I. 78 at 4). Fair enough. But Defendants drive this conclusion a bridge too far. Citing two cases, Defendants appear to claim that an affirmative defense is sufficiently raised under Rule 8, so as to survive a motion to strike, "by its bare assertion." (*Id.*).

3

The cases Defendants cite, however, do not stand for that proposition. First, Defendants cite *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 218 (3d Cir. 2017) for the proposition, "An affirmative defense generally need not be articulated with any rigorous degree of specificity, and is sufficiently raised for purposes of Rule 8 by its bare assertion." (D.I. 78 at 4) (cleaned up). The context for the proposition in *Moody*, however, was not that of a motion to strike; Third Circuit made the statement in question in rejecting the plaintiff's argument that the defendant had not specifically pled a particular defense *by name* even though defendant had pled the elements of that defense. "Accordingly, while it would have been better to more explicitly assert the Ellerth/Faragher defense, the [defendant's] answer provides sufficient notice of its intent to raise it." *Moody*, 870 F.3d at 219. Defendants' other case, *Daingerfield Island Protective Soc. v. Babbitt*, 40 F.3d 442, 444 (D.C. Cir. 1994), is even less helpful for Defendants. There, the defendant pled a statute of limitations defense (specifically listed as a permissible affirmative defense under Rule 8(c)(1)); the D.C. Circuit found that there was sufficient notice as to what this defense entailed "where, as we observed in our summary disposition order, it is clear that the six-year statute of limitations contained in 28 U.S.C. § 2401 governs [the claims at issue]." *Id.* at 445 (internal quotations omitted).

In Defendants' two cited cases, the defendants' answers thus put the plaintiffs on sufficient (or at least some) notice as to what defenses the defendants would seek to assert. I don't think that the same holds true here. Defendants do not even try to give a hint of an argument in their Answering Brief as to why their "bare assertion" that Plaintiff acted in a commercially unreasonable manner has any bearing whatsoever on the disposition of this case. Their entire argument appears to be:

> [A]s [Plaintiff's] Opening Brief itself demonstrates, Defendants' bare assertion of well-recognized legal doctrines was sufficient to enable [Plaintiff] to determine the

elements and definitions of those affirmative defenses and come up with factual questions that it could use to oppose them.

D.I. 78 at 4.

I do not understand after reading Defendants' Answer and their Answering Brief why Plaintiff's alleged failure to act in a commercially reasonable manner is relevant as a defense. I grant the motion to strike Defendants' Seventh Affirmative Defense. Plaintiff does not oppose Defendants' amending the Seventh Affirmative Defense (D.I. 81 at 10), so I will grant Defendants leave to amend.

Defendants' Eighth Affirmative Defense reads, "Plaintiff's claims are barred because they are not ripe." (D.I. 74 at 11). Plaintiff notes that I had previously denied Defendants' Motion to Dismiss on the grounds that the case is not ripe. (D.I. 68). Defendants offer no response. I agree with Plaintiff that this is a redundant and immaterial defense. I grant Plaintiff's leave to strike Defendants' Eighth Affirmative Defense. Defendants shall not be given the opportunity to amend.

Defendants' Ninth Affirmative Defense reads,

> To the extent Plaintiff's claims would result in Defendants paying damages to more than one claimant for the same alleged injury, they are barred because such multiple liability would violate the rights guaranteed to Defendants by the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

(D.I. 74 at 11-12).

Plaintiff argues that this should be stricken, because Defendants do not explain how "they would be paying 'more than one claimant' when there is only one plaintiff in this action" and because "Defendants affirmatively do 'not limit' their affirmative defense to just the Due Process Clause, meaning it could include any right guaranteed by the Constitution leaving [Plaintiff] in the dark as to the scope of this affirmative defense." (D.I. 77 at 5-6). Defendants offer no

5

response. I agree with Plaintiff; I don't see how Defendants can raise the specter of paying more than one claimant as a Constitutional stumbling block in a case where there is only one claimant. I strike Defendants' Ninth Affirmative Defense. Plaintiff does not oppose Defendants' amending the Ninth Affirmative Defense, and as such, I grant Defendants leave to amend. (D.I. 81 at 10).

Defendants' Eleventh Affirmative Defense reads, "Plaintiff's claims are barred by the doctrine of *in pari delicto*." (D.I. 74 at 12). Defendants' Fifteenth Affirmative Defense reads, "Plaintiff's claims are barred by the voluntary payment doctrine." (*Id.*). Plaintiff essentially argues that Defendants do not identify any of the conduct at issue that could have triggered these two defenses, thus failing to afford Plaintiff such notice as required under Rule 8. (D.I. 74 at 7-8). I think Plaintiff pretends to an ignorance that it cannot plausibly sustain. Certainly, in any event, I don't think that the insufficiency of these two defenses is so readily or "clearly apparent" on their face that would warrant striking these defenses. I deny Plaintiff's Motion to Strike as to Defendants' Eleventh and Fifteenth Affirmative Defenses.

Defendants' Tenth Affirmative Defense reads, "Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches." (D.I. 74 at 12). "[T]he equitable affirmative defenses of waiver, estoppel, and unclean hands must be [pled] with particularity under Rule 9(b)." *Bench Walk Lightning LLC v. Everlight Elecs. Co., Ltd.*, 2020 WL 5128086, at *1 (D. Del. Aug. 31, 2020). Given that it completely lacks any relevant detail, argues Plaintiff, the Tenth Affirmative Defense should be stricken. (D.I. 77 at 6-7).

As to the unclean hands portion of the Tenth Affirmative Defense, Defendants reply, "[Plaintiff] concedes that an unclean hands defense must satisfy Rule 9(b) only to the extent based on fraud or misrepresentation. . . . By contrast, an unclean hands defense based on unconscionability and bad faith is subject to Rule 8(c)'s 'fair notice' standard." (D.I. 78 at 7). It

6

is not obvious from the Tenth Affirmative Defense that Defendants sought to assert an unclean hands defense based only on bad faith, though Defendants clarify that this is all they meant to do. (*Id*. at 8). Plaintiff states that it does not oppose Defendants' request for leave to amend their Tenth Affirmative Defense to reflect that fact. (D.I. 81 at 10). I grant Plaintiff's motion to strike as to the unclean hands portion of the Tenth Affirmative Defense and grant leave to Defendants to amend that portion of their answer to reflect that their unclean hands defense is based upon bad faith.

As to the waiver, estoppel, and laches portions of the Tenth Affirmative Defense, Defendants make no argument stating that these defenses are not subject to the heightened pleading requirements of Rule 9(b). I think it is obvious that the bare assertion that "Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel . . . and/or laches" can hardly be said to meet the pleading requirements of Rule 9(b). Defendants seek leave to amend (D.I. 78 at 9-10), which Plaintiff does not oppose (D.I. 81 at 9-10). I strike these portions of Defendants' Tenth Affirmative Defense and grant Defendants leave to amend.

In summary, Plaintiff's Motion to Strike is GRANTED as to Affirmative Defenses Five, Seven, Eight, Nine, and Ten. I grant Defendants LEAVE TO AMEND Affirmative Defenses Five, Seven, Nine, and Ten subject to such conditions as noted above within ten (10) days of entrance of this order. Plaintiff's Motion to Strike is DENIED as to Affirmative Defenses Eleven and Fifteen.

IT IS SO ORDERED.

Entered this 20th day of July, 2026

_____
United States District Judge

7